IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH BUFORD POLLARD, III,

    Plaintiff,                      No. CIV S-09-2277 EFB P

    vs.

CDC SOLANO STATE PRISON
MEDICAL FACILITY, et al.,

    Defendants.                  ORDER

        Plaintiff is a former prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

        On December 3, 2009, the court dismissed plaintiff's complaint for failure to state a claim upon which relief could be granted, explained the complaint's deficiencies, gave plaintiff 30 days to file an amended complaint correcting those deficiencies and warned plaintiff that failure to file an amended complaint would result in a recommendation that this action be dismissed. Thereafter, plaintiff filed two requests for extensions of time to file an amended

1

complaint. Dckt. No. 25, 27. The court granted both requests.[1] Dckt. No. 26, 28. The time for acting has passed, however, and plaintiff has not filed an amended complaint.[2]

Accordingly, it is hereby ORDERED that this action is dismissed for failure to state a claim upon which relief could be granted and all outstanding motions are denied. *See* 28 U.S.C. § 1915A(b)(1).

Dated: April 19, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Although it appears from the file that plaintiff's copy of the second order granting an extension of time was returned on multiple occasions, plaintiff was properly served with this order at various addresses he has provided to the court. It is the plaintiff's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

[2] The court notes, however, that on January 4, 2010, plaintiff filed a request for an "offer of judgment from the defendants." Dckt. No. 24. Additionally, on March 18, 2010, plaintiff filed motion to dismiss this action on the ground that it is barred by the statute of limitations and because plaintiff lacks evidence. Dckt. No. 29. Plaintiff also requested that the court expunge his criminal record or alternatively, hold an in camera hearing. *Id.* Neither of these filings are responsive to the court's December 3, 2009 order.